UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PROJECT PATCH FAMILY THERAPY CENTER,<br><br>               Plaintiff,<br><br>   v.<br><br>KLICKITAT COUNTY BOARD OF ADJUSTMENT; and KLICKITAT COUNTY, WASHINGTON,<br><br>               Defendants. | CASE NO. C08-5057BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

    This matter comes before the Court on Plaintiff's Motion for Remand (Dkt. 7) in accordance with 28 U.S.C. § 1447(c) and 28 U.S.C. § 1441. Having considered the Plaintiff's motion, Defendants' response, Plaintiff's reply, and the remainder of the file herein, the Court finds that remand is appropriate pursuant to the *Pullman* abstention doctrine.

    Plaintiff's have asked this court to remand the instant matter to state court pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1441. 28 U.S.C. § 1447(c) authorizes the grant of remand motions for any defect in the removal process other than subject matter jurisdiction when such motion is timely made or when a motion for remand is made for lack of subject matter any time before final judgment. In the instant matter, the case was

ORDER – 1

properly removed from state court, this Court does have subject matter jurisdiction, and 28 U.S.C. § 1447(c) is not applicable.

28 U.S.C. § 1441(c) states:

> Whenever a *separate and independent claim or cause of action* within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

(Emphasis added.) Plaintiff filed this cause of action seeking review under the *Land Use Petition Act* (LUPA), RCW 36.70C and for damages pursuant to RCW 64.40.20 and 42 USC § 1983 arising from the land use decisions made relating to Plaintiff's property. Under these circumstances the Court finds that Plaintiff's claims are not "separate and independent" and that this Court is not authorized to remand under § 1441(c).

Plaintiff alternatively contends that this court has the authority to remand the instant matter to state court pursuant to the *Pullman* and *Younger* abstention doctrines. Under the *Pullman* abstention doctrine the Court may abstain where:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.
> (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.
> (3) The possibly determinative issue of state law is doubtful.

*Sinclair Oil Corp. v. County of Santa Barbara,* 96 F.3d 401, 409 (9th Cir. 1996) (citing *Pearl Inv. Co. v. City & County of San Francisco,* 774 F.2d 1460, 1463 (9th Cir. 1985)). The Ninth Circuit has consistently approved of a district court's use of *Pullman* abstention in land use cases. *Sinclair*, 96 F.3d at 409.

"Land use planning is a sensitive area of social policy that meets the first requirement for *Pullman* abstention." *Id.* (citing *Kollsman v. City of Los Angeles*, 737 F.2d 830, 833 (9th Cir. 1984). The second criterion is also satisfied here because if Plaintiff's LUPA claims are decided, determination of the issues raised by the 42 U.S.C.§ 1983 claim for damages could be rendered unnecessary. Furthermore, "it is sufficient if

ORDER – 2

the state law issues might 'narrow' the federal constitutional questions." *Sinclair*, 96 F.3d at 409 (citing *Pearl*, 774 F.2d at 1464). Additionally, the third criterion is also met. As stated in *Sinclair,* "a local government's enactment of land use regulations 'is by nature a question turning on the peculiar facts of each case in light of the many [applicable] local and state-wide land use laws . . . .'" 96 F.3d at 410 (quoting *Santa Fe Land Improvement Co. v. City of Chula Vista,* 596 F.2d 838, 841 (9th Cir. 1979). Plaintiff's claims concern local land use decisions related to Plaintiff's property and the Court finds the above analysis applicable. As the Court stated in *Sinclair,* "Abstention often will be appropriate when state land use regulations are challenged on state and federal grounds." 96 F.3d at 410 (quoting *Kollsman,* 737 F.2d at 836).

Having determined that the present matter should be remanded to state court pursuant to the *Pullman* abstention doctrine, the Court does not need to analyze whether abstention would be appropriate under the *Younger* abstention doctrine. The entire matter should be remanded to state court for further proceedings there. The fact that Plaintiff has raised civil rights violation through the 42 U.S.C.§ 1983 claim does not provide a basis upon which this Court should abstain from exerting jurisdiction over this matter. *C-Y Development Co. v. City of Redlands,* 703 F.2d 375, 381 (9th Cir. 1982).

Therefore, it is **ORDERED** that Plaintiff's Motion for Remand (Dkt. 7) is hereby **GRANTED.** All matters currently before the Court in this action shall be remanded to state court for further proceedings.

DATED this 25th day of March, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3